IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV661

| | |
|---|---|
| SHEILA V. JOHNSON,         ) | |
| )              | |
| Plaintiff,         ) | |
| )              | |
| vs.                          ) | ORDER |
| )              | |
| UNITED STATES,         ) | |
| )              | |
| Defendant.         ) | |
| _____) | |

This matter is before the Court upon the motion of Nationwide Affinity Insurance Company of America ("Nationwide") to intervene in this case pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Nationwide alleges that because it paid insurance benefits to the Plaintiff, its insured, it is subrogated to her right of recovery for the damage to her vehicle arising from the motor vehicle accident that is the subject of this lawsuit. The United States has objected to Nationwide's motion on the basis of failure by Nationwide to exhaust its administrative remedies.

The United States cannot be sued absent an express waiver of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Federal Tort Claims Act ("FTCA") provides for such a waiver of sovereign immunity in certain limited instances, but has strict limitations. The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant first exhausts his or her administrative remedies. 28 U.S.C. § 2675(a). In essence, the administrative claim requirement mandates that plaintiffs present a claim to the appropriate federal agency. *Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994). Courts have consistently held that the presentation of an administrative claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to the filing of a suit under the FTCA. Failure to comply with the

requirement therefore causes dismissal of the tort action. *See, e.g., Cadwalder v. United States*, 45 F.3d 297 (9th Cir. 1995); *Schmidt v. United States*, 901 F.2d 680 (8th Cir. 1990); *Free v. United States*, 885 F.2d 840 (11th Cir. 1989); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186 (3rd Cir. 1989). Furthermore, there can be no waiver of this requirement. *Blain v. United States*, 552 F.2d 2889 (9th Cir.1977).

It appears that Nationwide has failed to file an administrative claim and there has been no waiver of sovereign immunity. Accordingly,

IT IS THEREFORE ORDERED that Nationwide's Motion to Intervene is hereby DENIED.

Signed: May 30, 2012

Graham C. Mullen
United States District Judge